# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NIVAGEN PHARMACEUTICALS, INC.,<br><br>                Plaintiff,<br><br>    v.<br><br>AMNEAL PHARMACEUTICALS, INC., AMNEAL PHARMACEUTICALS of NEW YORK, LLC, AMNEAL PHARMACEUTICALS LLC, AMNEAL PHARMACEUTICALS PVT LTD., AND AMNEAL EU, LTD.,<br><br>                Defendants. | Civil Action No. 24-0846-GBW<br><br>Unsealed on 10/15/24 |

## MEMORANDUM ORDER

AND NOW, this 27th day of September 2024, the Court having reviewed Plaintiff Nivagen Pharmaceuticals, Inc.'s ("Plaintiff") motion for reconsideration (D.I. 66) and Defendants Amneal Pharmaceuticals, Inc., Amneal Pharmaceuticals of New York, LLC, Amneal Pharmaceuticals LLC, Amneal Pharmaceuticals Pvt Ltd, and Amneal EU, Ltd (collectively, "Defendants") response and cross-motion for reconsideration (D.I. 68), **IT IS HEREBY ORDERED THAT** the parties' cross-motions for reconsideration (D.I. 66 and D.I. 68) are **DENIED**.

"Motions for reconsideration, as a general rule, are granted sparingly and only in limited circumstances." *BP Amoco Chemical Co. v. Sun Oil Co.*, 200 F. Supp. 2d 429, 432 (D. Del. 2002). In fact, a motion for reconsideration is only proper where the moving party demonstrates at least one of the following: (1) a change in the controlling law; (2) new evidence has become available; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. *Id.* Reconsideration is not an opportunity, however, to "accomplish the repetition of arguments that

were or should have been presented to the court previously." *TriStrata Technology, Inc. v. ICN Pharmaceuticals, Inc.*, 313 F. Supp. 2d 405, 407 (D. Del. 2004). Here, Plaintiff moves for reconsideration of the Court's Order setting the required bond amount (D.I. 63) on grounds that Plaintiff would be unable to "obtain financing for a $30 million bond within a few days." D.I. 66 at 1. This argument not only contradicts Plaintiff's earlier claims that it was "ready and able to post a bond," D.I. 59 at 1, it also presents arguments that Plaintiff should have and could have raised before. Thus, Plaintiff is not entitled to reconsideration of the Court's Order setting the required bond amount at $30 million.

Even had Plaintiff raised sufficient grounds for reconsideration, Plaintiff's arguments would not lead the Court to grant a lower bond. Indeed, the Court (like Defendants) finds that many of Plaintiff's arguments in support of a lower bond amount contradict Plaintiff's earlier claims of irreparable harm. D.I. 68 at 1 ("Nivagen cannot have it both ways—total destruction when arguing for irreparable harm and near zero impact when arguing for a lower bond."). In support of its request for injunctive relief, for instance, Plaintiff emphasized the importance of protecting its "first-mover advantage," and the Court relied on this claim in granting Plaintiff's sought-after relief. *See, e.g.*, D.I. 61 at 22 (finding that "Plaintiff has a potent and immediate interest . . . in protecting its first-mover advantage in the RTU market because the first mover advantage will be lost as soon as Defendants launch their competing and allegedly infringing product").

While Plaintiff's bond proposal purports to use Defendants' projected profits—and thus does not rely on "new evidence" that would persuade the Court to reconsider its Order granting

injunctive relief[1]—the Court notes that the purpose of the bond amount is to protect Defendants if the Court later finds that Defendants were wrongfully enjoined (i.e., lost the first-mover advantage they were rightly entitled to enjoy). *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 804 (3d Cir. 1989) ("It is generally settled that, with rare exceptions, a defendant wrongfully enjoined has recourse only against the bond."). Given Plaintiff's insistence that the loss of the first-mover advantage could not be undone, the Court cannot find that a bond using Defendants' ramp-up numbers for a limited six-month period would be sufficient to remedy such a harm to Defendants if they are ultimately successful on the merits. D.I.13 at 14-15.

For these reasons, the parties' cross-motions for reconsideration are **DENIED**. Plaintiff shall post a bond consistent with the Court's Order (D.I. 63) to secure the TRO and preliminary injunction entered by the Court (D.I. 62). In the event that Plaintiff fails to post the bond as required by the Court's Order (D.I. 63), the temporary restraining order and/or preliminary injunction may be withdrawn or terminated by Order of the Court.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[1] For this reason, Defendants also are not entitled to reconsideration of the Court's Order granting injunctive relief (D.I. 62).