# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NIVAGEN PHARMACEUTICALS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMNEAL PHARMACEUTICALS, INC., ) <br> AMNEAL PHARMACEUTICALS of ) <br> NEW YORK, LLC, AMNEAL ) <br> PHARMACEUTICALS LLC, AMNEAL ) <br> PHARMACEUTICALS PVT LTD., and ) <br> AMNEAL EU, LTD. ) <br> ) <br> Defendants. ) | C.A. No. 24-846-GBW <br><br> **JURY TRIAL DEMANDED** <br><br> **PUBLIC VERSION** |

**NIVAGEN'S LETTER REQUESTING RECONSIDERATION OF THE BOND AMOUNT**

OF COUNSEL:

Shashank Upadhye
Yixin H. Tang
Brent Batzer
UPADHYE TANG LLP
109 Symonds Dr. #174
Hinsdale, IL 60522
Tel: (312) 327-3326

Bindu A. Palapura (#5730)
Andrew M. Moshos (#6685)
Malisa C. Dang (#7187)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
bpalapura@potteranderson.com
amoshos@potteranderson.com
mdang@potteranderson.com

Dated: September 25, 2024
11753563 / 23316.00002

*Attorneys for Plaintiff Nivagen Pharmaceuticals, Inc.*

Public Version Dated: September 30, 2024

Dear Judge Williams:

  Nivagen intended to reply to Defendants' position on bond amount pursuant to the Court's Order, D.I. 53. However, in view of the Order yesterday setting a bond at $30 million, Nivagen respectfully requests pursuant to D. Del. LR 7.1.5(a) that the Court reconsider its Order setting the Bond Amount (D.I. 63). A prior order may be modified if the movant shows "the need to correct a clear error of law or fact to prevent manifest injustice." *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999).

  As discussed below, Nivagen believes that setting a bond to cover an initial *six-month* damages period is equitable, manageable, and would best fulfill the purpose of the preliminary injunction that the Court has granted. Nivagen is willing and able to post a bond of $2.55 million by the October 1, 2024 deadline the Court has Ordered, and this amount is based on ███ ██████████████████████████ for the first six months of the injunction. ██████ █████████████████████████████████████████████ Nivagen should be able to post additional bond after the ████████████████████████████████████

  **I.** ████████████████████████████████████████████████████████████████

  Nivagen thanks the Court for granting its motion for a preliminary injunction and preventing irreparable harm to Nivagen at a critical juncture. (D.I. 61). As the Court noted, the ████████████████████████████████████████████ would be irreparable. (*Id.* at 20). Currently, ████████████████████████████████, and there is no new information regarding exactly when █████████████—but there is no indication of any delay or unexpected complications either. Nivagen still expects ████████████████████████████████████████████████, which will put the ████████████████████

  Once Nivagen's ████████████████████████████ ████████████████████████ ███████ the injunction may become unnecessary at that point, and any damages after that point could very well be calculated. (D.I. 59 at 2). On the other hand, if the injunction should continue beyond ████████████████████, and can arrange to post additional bond.

  At this critical juncture, Nivagen is still relying on its generic products for revenue, with ████████████████████████ yearly profits from those products to cover *all* its expenses.[1] █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. To require it to pay such an unexpectedly large lump sum right now could result in the manifest injustice of having a preliminary injunction granted by the Court ████████████████████████████████████████

---

[1] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

The Honorable Gregory B. Williams Page 2
September 25, 2024

███████████. As Nivagen explained in its briefing and during the hearing in this matter, Nivagen is a small company and faces an inflection point in its development. Nivagen is relying on the future profits ██████████████ to continue its evolution as a business, but those projected profits are not currently in Nivagen's coffers.

Under these circumstances, setting a bond to cover six months' worth of potential damages is well justified and balances the hardships to both parties. If necessary, the parties may request an adjustment of the bond or dissolution of the injunction after the first six-month period expires. Setting a $30,000,000 bond to cover 3.25 years of damages, to be posted now, could make the cure worse than the disease. ████████████████████████████████████ ████████████████████████████ Therefore, to the extent that the purpose of the injunction is to ███████████████████████████████████████████████████████, a $2.55 million bond for a six-month duration is more appropriate.

**II. The $2.55 million number is based** ████████████████████████████ ████████████████████

Amneal states that it would achieve ████████ of sales of its RTU product in September 2024 and ramp up to ████████ in "Month 6." (Ex. A to Hofmann 9/23/2024 2nd Decl., D.I. 58). These numbers from the Hofmann 9/23/2024 Decl. Ex. A are copied below:



Accordingly, Amneal's projected sales would add up to about ████████ in the first six months. With the ████ profit margin Amneal proposed, the potential damages would be ████████.

Although Nivagen still believes that the Amneal estimate is based on unrealistic and unexplained assumptions that it could achieve a "████████████" conversion from the vial product market, and achieve it without first establishing itself in the RTU market, Nivagen is willing to post a bond based on ████████ sales projections at this point. As the Court has pointed out, ensuring that Nivagen will rightfully obtain ███████████████████████████████████ ████████████ is of paramount importance to Nivagen. As long as the amount of the bond (and the short timeframe in which it must be posted) is within Nivagen's capability, it will post the bond.

Nivagen respectfully requests that the Court adjust the amount and duration of the bond to $2,550,000, for a six-month period. We are available for any questions the Court may have.

The Honorable Gregory B. Williams  Page 3
September 25, 2024

                        Respectfully,

                        */s/ Andrew M. Moshos*

                        Andrew M. Moshos

AMM:nmt/11753563/23316.00002

cc:     Clerk of Court (via Hand Delivery)
         Counsel of Record (via Electronic Mail)